### GEE v. JOHNSON et al.†
(Court of Civil Appeals of Texas. Austin. June 21, 1911.)

1. INSANE PERSONS (§ 61*)—PROPERTY—EXCHANGE—VALIDITY.

The proper test of plaintiff's right to rescission of a trade with defendants on the ground of his insanity at the time thereof, where previously he had been adjudged insane, and confined in a state asylum, but prior to the trade had left under a furlough from its superintendent, is whether, at the time of the trade, he had sufficient mental capacity to understand and comprehend the nature and consequences of his acts, as to which defendants have the burden of proof.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. §§ 93–99; Dec. Dig. § 61.*]

2. TRIAL (§ 244*) — INSTRUCTIONS — UNDULY EMPHASIZING PARTY'S THEORY.

Where, in a suit to set aside plaintiff's trade, on the ground of insanity at the time thereof, the court, after charging that though the jury believe plaintiff's mind was impaired at such time, yet if they believe that at such time he had mental capacity to understand the nature and effect of such transaction, and did so understand it, verdict should be for defendant, instructs, "You are further and specially charged" that even though plaintiff may have been adjudged insane, still if the jury believe that, at the time of the trade, he had sufficiently recovered and had mental capacity to understand and comprehend the nature and consequences of his act, and did so understand, verdict should be for defendants, the words "specially charged" are not to be considered as unduly emphasizing defendants' theory, but

as pointing out an exception to the general rule of conclusiveness of a judgment.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 577–581; Dec. Dig. § 244.*]

Error to District Court, Hill County; W. C. Wear, Judge.

Action by B. C. Gee, by next friend, against S. E. Johnson, Jr., and others. Judgment for defendants, and plaintiff brings error. Affirmed.

W. C. Morrow, for plaintiff in error. W. E. Spell, for defendants in error.

KEY, C. J. Plaintiff in error, B. C. Gee, acting by next friend, brought this suit to rescind and cancel a trade by which he became the purchaser of a certain tract of land which included a gin plant, and for which he made a cash payment and executed certain promissory notes. The rescission was sought upon the ground that the plaintiff was insane at the time the trade was made. The defendants filed an answer which included a general denial. There was a jury trial which resulted in a verdict and judgment for the defendants, and the plaintiff has brought the case to this court by writ of error.

[1, 2] The verdict is not challenged in this court, and is amply supported by testimony. There are but three assignments of error, and these complain of certain instructions given to the jury. The proof showed that, anterior to the transaction involved, the plaintiff had been tried and convicted upon a charge of lunacy and confined in one of the state asylums. It was also shown that he left the asylum in February, 1906, under a furlough from the superintendent, and had been out of the asylum continuously thereafter. The transaction here involved occurred in August, 1907. The trial court instructed the jury that the burden was upon the defendants to prove that at the time of the transaction in question the plaintiff had sufficient mental capacity to understand and comprehend the nature and consequences of his acts; that, if they so found, to find for the defendants; and, unless they so found, to return a verdict for the plaintiff. At the request of the defendants the court gave these additional instructions:

"You are charged that if you believe the mind of the said B. C. Gee was impaired at the time of the said transaction, yet you further believe from the evidence that at the time of the transaction in question he had mental capacity to understand the nature and effect of said transaction with the defendant and did so understand it, then you will find for the defendant and so say."

"You are further and specially charged that even though the plaintiff may have been adjudged insane, still if you believe from the evidence that at the time of the trans-

action **in** question, he had sufficiently recovered and had mental capacity to understand and comprehend the nature and consequences of his act and did so understand same, you will then return a verdict for the defendants."

Error is assigned upon the court's charge and the requested instructions for several reasons presented in the brief of plaintiff in error. We think the charges referred to applied the proper test for the determination of the validity of contracts. Beach on Modern Law of Contracts, § 1378; Elston v. Jasper, 45 Tex. 414. The requested instructions related to different phases of the case developed by the testimony; and we hardly think it would be proper to hold that they unduly emphasized the defendants' theory. By the use of the words "specially charged," in the one relating to the lunacy judgment, we think it was intended to convey the idea that while, as a general rule, a judgment is conclusive of the matters determined, yet in this case such was not the fact. That was a correct statement of the law, and we see no objection to expressing it in the language used in the instruction complained of.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.